UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH JOHNSON, ET.AL | : | CIVIL NO. 3:95CV2645(DFM) |
| v. | : | |
| GOVERNOR ROWLAND, ET.AL. | : | January 20, 2005 |

### SETTLEMENT AGREEMENT

This agreement is made this 20th day of January, 2005, by and between the Plaintiff Eddie Gilchrist, et. al. ("the Muslim inmates") and the Defendants John Rowland, John Armstrong and Hector Rodriguez, the former Governor, Commissioner of Correction and Warden, MacDougall CI, and their successors in office, under Rule 25 Fed. R. Civ. P. This Agreement is made solely to resolve a rather old case, filed in 1995, and does not constitute an admission of liability or wrongdoing on the part of the defendants. This Agreement shall resolve any and all claims of the plaintiffs that were raised or could have been raised. This Agreement shall terminate this case.

WHEREAS, the Plaintiffs instituted the instant action against the Defendants in the United States District Court for the District of Connecticut, alleging violations of their constitutional rights guaranteed by the First, Fifth and Fourteenth Amendments to the United States Constitution and pursuant to 42 U.S.C. § 1983;

WHEREAS, the Defendants deny all allegations made by the Plaintiffs;

WHEREAS, the parties desire to resolve all their differences relating to the claims which were made or could have been made in connection with this lawsuit, subject to the express conditions set forth below;

NOW THEREFORE, the undersigned parties agree and stipulate, subject to the Court's approval, that the Court may dismiss this matter pursuant to Rule 41(b) Fed. R. Civ. P., and in accordance with the terms of the Agreement of the parties, which are set forth as follows:

**A.  WORSHIP AND RELIGIOUS ARTICLES**

1. Defendants shall make reasonable attempts to improve and increase Islamic programming in the system by instituting, without limitation, the following changes:

    a.) Defendants shall make reasonable efforts to recruit approved Islamic volunteers.

    b.) Defendants shall make reasonable efforts to provide religious classes (Taalim) for the Muslim inmates, using full-time and/or volunteer resources; and

    c.) Defendants shall make reasonable efforts to accept donations of written materials to increase the library of Islamic literature available to the Muslim inmates. Such literature shall be placed in the MacDougall facility library for the convenient use and access by eligible inmates.

2. Defendants shall allow eligible inmates to purchase an approved Islamic prayer shirt, especially used and designed for performing the religious tenet of prayer (salat), through the commissary at all institutions throughout the Department of Correction.

3. The Muslim inmates may possess and wear the Islamic prayer shirts in their cells for individual prayer and only during the congregate Friday Muslim religious service (Jumah), not walking to and from Jumah. The defendants shall continue to provide one weekly congregational Jumah prayer service which shall be for all eligible Islamic inmates. All individual prayers shall be performed in the inmates' cell or adjacent to the bed area.

4. The Muslim inmates shall not be allowed to wear or display the Islamic prayer shirts except during supervised congregate religious activity or during individual in-cell prayer.

5. The Muslim inmates may launder the prayer shirts individually in the cell. Defendants will provide soap through the commissary at all institutions throughout the Department of Correction.

6. The Muslim inmates may also possess and wear traditional Islamic headdress (kufis) and Islamic oils. Defendants will continue to provide kufis and approved Islamic oils through the commissary at all institutions throughout the Department of Corrections. Defendants shall make reasonable efforts to provide larger kufis and add to and improve the selection of Islamic oils available in the commissary, subject to inmate demand, space limitations and vendor availability.

7. The Defendants shall recognize the religious rights of the Muslim inmates to participate in the Holy fast of Ramadan. Once per year, the Defendants shall make reasonable efforts to offer for purchase by or for the Muslim inmates Halal holiday care packages containing Halal meat.

**B. DIET**

8. Defendants shall continue to provide the Muslim inmates with a nutritionally balanced Common Fare diet. The Common Fare diet will consist of, among other things, fruit, vegetables, legumes, assorted carbohydrates and fish. The Common Fare diet will be devoid of any and all products containing pork or pork by-products. Said Common fare diet may include, but is not required to provide, Halal and Kosher meat and meat derivatives. Said diet shall

provide fish at least three times per week during the month of Ramadan for the evening meal. Defendants agree to serve fish for the holiday meals of Eid il Fitr and Eid al Adha.

9. Defendants shall continue to provide for separate food service for the Muslim inmates who elect to consume the Common Fare diet on a regular basis. Defendants shall also undertake such additional measures as are reasonable and necessary to ensure that there is no cross-contamination between the regular menu and the Common Fare items, including, without limitation, appropriate training for the kitchen staff in the proper handling of the food from production to serving on the trays.

10. Defendants shall establish and implement an ongoing quality assurance monitoring program to ensure that the Common Fare diet comports with the above requirements, which shall include input from the Imam or other individuals versed in the spiritual laws of Islam. Defendants shall perform a quality assurance review at least quarterly.

11. During the observance of Ramadan, Defendants shall provide fish to the Muslim inmates whenever fish or a vegetable patty is offered to the general population or as part of the Common Fare menu.

12. Defendants shall make reasonable attempts to increase the line of Halal and Kosher food products in the Commissary and to include Halal meat snack or food items containing Halal meat through the commissary at all institutions throughout the Department of Corrections. Said provision may be modified in the discretion of the defendants in the event of lack of inmate demand, space or supply, or exigent circumstances.

13. Defendants shall continue to make available a grievance procedure pursuant to DOC Admin. Dir. 9.6, whereby the Muslim inmates may raise and have addressed any

grievances concerning the Common Fare diet or Food Service operations. The review procedure for such grievances, if filed, shall include the opportunity to review food labels, lists of ingredients for food products, and reasonable efforts at finding replacement foods if certain items do not conform with Common Fare requirements.

### C. TRAINING FOR DOC STAFF

14. Defendants agree to implement a training program for appropriate DOC staff to include education and training concerning Islamic affairs, religion and culture. Such training shall be offered as part of the Annual Refresher Training (ART) required for DOC staff, and shall include training concerning the issues set forth in this Settlement Agreement regarding, for example, Islamic diet, holidays (Eid Il Fitr, Eid al Adha, Ramadan), prayer, diet and worship.

### D. ATTORNEYS' FEES AND COSTS

15. The Stipulated Dismissal of this action shall be without costs or fees to the parties. The agreements, terms and conditions set forth herein shall constitute full satisfaction of any and all claims by all Plaintiffs and all counsel for Plaintiffs for all attorney's fees and costs which would be sought from or collectible from the defendants or the State of Connecticut or its agents in this case. Defendants shall not be obligated to pay any costs or attorneys' fees.

### E. TRANSFER OF PLAINTIFF EDDIE GILCHRIST

16. Defendants shall review the plaintiff, Eddie Gilchrist, #122276, for transfer to MacDougall CI no later than 90 days after the signing of this Agreement by counsel for the parties. Defendants shall make every reasonable effort to transfer plaintiff from his present confinement at Corrigan CI to MacDougall CI if feasible, depending on safety and security. Said

transfer shall be contingent on plaintiff Gilchrist's continued good behavior and obedience to the rules established for service of his sentence.

17. If, for whatever reason, plaintiff cannot be transferred to MacDougall CI after 90 days from the date this Agreement is signed, Defendants agree to continue to make every reasonable effort to transfer Plaintiff as soon as possible thereafter.

18. Plaintiff's housing assignment, classification, and location of confinement shall remain in the discretion of the defendant Commissioner of Correction. Any transfer to MacDougall CI shall not constitute an entitlement to remain at that facility, but rather shall be reviewed at periodic intervals, and continued confinement at MacDougall CI shall depend on plaintiff's continued good conduct and obedience to the rules for service of his sentence. However, Defendants agree that they will not transfer Plaintiff from MacDougall CI without good cause.

STIPULATED AND AGREED BY:

| PLAINTIFFS, | DEFENDANTS, |
|---|---|
| KEITH JOHNSON, et. al. | JOHN ROWLAND, et al. |
| *Eddie Gilchrist* | *Theresa C. Lantz* |
| Eddie Gilchrist, #122276 | Theresa C. Lantz |
| a/k/a Jundullah | Commissioner of Correction |
| | |
| By: *Robert Gallo* | By: *Steven R. Strom* |
| Robert J. Gallo | Steven R. Strom |
| McCarter & English | Assistant Attorney General |
| Fed Bar No. ct19982 | Fed Bar No. ct01211 |
| CityPlace I - 185 Asylum Street | 110 Sherman St |
| Hartford, CT 06103 | Hartford, CT 06105 |
| Tel: (860) 275-6722 | Tel: (860) 808-5450 |
| rgallo@mccarter.com | steven.strom@po.state.ct.us |

APPROVED AND SO ORDERED.

Dated at Hartford, CT, this ____ day of _____, 2005.

                                                                             _____
                                                                             Donna F. Martinez
                                                                             United States Magistrate Judge

HARTFORD: 630428.01

# RELEASE

KNOW ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, that: Eddie Gilchrist, # 122276, does on behalf of himself, his successors and assigns, and all plaintiffs, for and in consideration of the stipulations set forth in the Settlement Agreement signed by the undersigned and counsel for the parties on January 20, 2005, herewith releases and forever discharges, the defendants, the former and present Governor, State of Connecticut, former and present Commissioner, Department of Correction, John J. Armstrong, Theresa C. Lantz, and any and all defendants who were named or who could have been named, all in their individual and official capacities, and all other present or former officers, agents and employees of the State of Connecticut, named as defendants in any lawsuit brought by Eddie Gilchrist, or not, and all in their individual and official capacities, and the State of Connecticut itself, from all actions, causes of actions, suits, claims, controversies, damages and demands of every nature and name, in law or in equity, including attorneys' fees and costs, which, his successors and assigns, ever had, now has or hereafter can, shall or may have, based on the claims which were made or which could have been made in any action to date, including but not limited to the following matter: <u>Keith Johnson, et.al. v. John Rowland, et.al.</u> 3:95CV2645 (DFM).

IN WITNESS WHEREOF, Eddie Gilchrist, does hereby set his hand this 20th day of January, 2005.

_____
Eddie Gilchrist

Personally appeared Eddie Gilchrist, before me, this 20th day of January, 2005, signer of the foregoing release, and acknowledged the same to be his free act and deed.

_____
Commissioner of the Superior Court

HARTFORD: 631328.01