```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KEITH B. JOHNSON et al.,         :
                                 :
     Plaintiffs,                 :
                                 :
     v.                          :    CASE NO. 3:95CV2645(DFM)
                                 :
JOHN ROWLAND et al.,             :
                                 :
     Defendants.                 :
```

RULING

Pending before the court are motions to enforce a settlement agreement filed by nonparty movants and state prisoners Saadiq Amir a/k/a Tommie Martin, Jesse Maroney, Roy X. Trotter, Eric Thomas Kelsey and Ricardo Collins. (Docs. ## 140, 145-149.)

The relevant procedural history is as follows. In 1995, several state prisoners sued the governor and officials in the Department of Corrections. As of January 18, 2005, Eddie Gilchrist was the sole remaining plaintiff. (See docs. #20, #52, #70, #132.) On February 9, 2005, Gilchrist and the defendants filed two documents: a private Settlement Agreement and a Stipulation of Dismissal with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. (Docs. #133, #134.) In the Settlement Agreement, Gilchrist agreed to dismiss the action in exchange for certain accommodations regarding his religious observance and a possible transfer to

another facility.  On February 11, 2005, the court approved the Settlement Agreement, and the Clerk of the Court dismissed the case.  (Docs. #135, #136.)  The nonparty movants now contend that they are intended beneficiaries of the Settlement Agreement and that defendants are not in compliance with it.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests on the party asserting it.  <u>Kokkonen v. Guardian Life Insurance Co.</u>, 511 U.S. 375, 377 (1994).  Enforcement of a settlement agreement that produced a stipulation of dismissal is more than just a continuation or renewal of the dismissed suit; it is a separate contract dispute that belongs in the state courts unless there is some independent basis for federal jurisdiction.  <u>Id.</u> at 378-82.

This case was dismissed pursuant to Rule 41(a)(1), which provides that a plaintiff may dismiss an action without a court order and with prejudice[1] by filing a stipulation of dismissal signed by all parties.  Fed. R. Civ. P. 41(a)(1).  Although Rule 41(a)(1) "does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal . . . the court is authorized to embody the settlement contract in its dismissal order or, [to] the same effect, [expressly] retain

---

[1] Rule 41(a)(1)(B) provides that the dismissal is without prejudice "[u]nless the notice or stipulation states otherwise." Here, the parties stipulated to dismissal "with prejudice." (Doc. #133.)

2

jurisdiction over the settlement contract . . . if the parties agree." <u>Kokkonen</u> at 381-82.  Here, neither the Settlement Agreement nor the Stipulation of Dismissal includes any agreement that the court should retain jurisdiction over the settlement contract.  (Doc. #134.)  Moreover, even assuming that the parties wanted the court to retain jurisdiction, the court did not incorporate the Settlement Agreement in a dismissal order or otherwise provide for retention of jurisdiction.  (Doc. #135.)  The court therefore lacks jurisdiction to enforce the Settlement Agreement.  <u>See</u>, <u>e.g.</u>, <u>Kokkonen</u> at 381 (no retention of jurisdiction where judge approved terms of settlement agreement but did not make them part of dismissal order); <u>Shakur v. Dzurenda</u>, Nos. 3:04CV1835(WIG) <u>et</u> <u>al.</u>, 2007 WL 4800721 (D. Conn. Nov. 27, 2007) (no retention of jurisdiction where settlement agreement was neither made a part of nor referenced in Rule 41(a)(1) stipulation).

    For the foregoing reason, the nonparties' motions to enforce the settlement agreement (docs. ## 140, 145-149) are DENIED.

    SO ORDERED at Hartford, Connecticut this 14th day of February, 2014.

```
                      _____/s/_____
                      Donna F. Martinez
                      United States Magistrate Judge
```